# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**JOHN ROBERT LEIDECKER, #66326-004**                                   **PETITIONER**

**VS.**                                  **CIVIL ACTION NO. 5:07-cv192-DCB-MTP**

**CONSTANCE REESE, WARDEN**                                               **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Leidecker, an inmate at the Federal Correctional Institute-Yazoo City, Mississippi, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on October 12, 2007.[1] Upon review of the petition filed, this Court has reached the following conclusions.

Petitioner challenges his September 14, 2000, sentencing to 120 months of imprisonment and 60 months of supervised release imposed by the United States District Court for the Southern District of Florida (Miami Division). Although Petitioner fails to provide the specific offense that is the basis for his current conviction, he does state that he pled guilty and was sentenced pursuant to 21 U.S.C. § 841(a)(1). *Pet. [1]*, p.3,5. Section 841(a)(1), governs the unlawful conduct of knowingly or intentionally manufacturing, distributing or possessing with intent to distribute/dispense a controlled substance. The Petitioner states that he has not filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, but he has filed a previous § 2241 petition in this Court. *Pet. [1]*, p.3, *see also Liedecker v. Reese*, 5:07cv19-DCB-MTP (May 10, 2007), *appeal dismissed,* 07-60538 (5th Cir. Oct. 22, 2007).

---

[1] Petitioner filed a motion to proceed *in forma pauperis* with this petition. However, Petitioner paid the filing fee on October 15, 2007, therefore, his motion [2] is denied as moot.

PETITIONER'S GROUNDS FOR RELIEF

Petitioner has listed the following as grounds for habeas relief in this petition: (1) "[n]o branch singularly or collectively may encroach on another branch's power;" (2) the "executive branch must carry out sentences in accordance with the Constitution and law as it is written;" (3) "supervised release is not an authorized sentence by it's self" [sic]; (4) supervised release is to be included as a part of the sentence not as a separate sentence;" (5) "the current execution of supervised release by the BOP is double jeopardy;" and (6) "supervised release is in lieu of parole." *Pet. [1]*, p.4-8. The majority of Petitioner's claims for relief are founded on his belief that supervised release is meant to be served prior to the completion of an inmate's full term of imprisonment. Petitioner creatively asserts that the total amount of time that he should serve, allowing for good time credits, is 3 years and 9 months of imprisonment and 60 months of supervised release. *Pet. [1]*, p.7. As relief, Petitioner wants this Court to issue an order directing the BOP to calculate his sentence as he has calculated it and issue an order essentially abolishing his term of supervised release. *Pet. [1]*, p.10.

DISCUSSION

According to the United States Court of Appeals for the Fifth Circuit, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). By contrast, a § 2255 motion "'provides the primary means of collateral attack on a federal sentence.'" *Id.* (*quoting Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). In *Pack*, the Fifth Circuit found that "[a] section 2241 petition that seeks to challenge the validity of a federal sentence must

either be dismissed or construed as a section 2255 motion." *Pack*, 218 F.3d at 452.  Upon liberal consideration of the grounds for relief presented, the Court finds that Petitioner is challenging his conviction and sentence entered by the United States District Court for the Southern District of Florida in the instant § 2241 petition.

There is, however, a savings clause in § 2255 which acts as a limited exception to this general rule.  The relevant portion of § 2255, with its savings clause provides, as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).  Pursuant to this "savings clause," a federal court may consider a § 2241 petition that challenges a federally imposed sentence when the petitioner establishes that the remedy under § 2255 is inadequate or ineffective.  *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).  Petitioner fails to demonstrate that relief pursuant to § 2255 is an inadequate or ineffective means to test the legality of his detention.  *See Pack*, 218 F.3d at 453.[2]  Since the Petitioner is challenging the validity of his conviction and sentence in the instant petition and since he fails to satisfy the requirement of the savings clause, this Court is without jurisdiction to consider the claims presented in this § 2241 petition.

Because the Court has found that it lacks jurisdiction to consider this petition, it will not address the merits of this case.  Thus, this petition must be dismissed with prejudice as to the jurisdictional issue, and without prejudice regarding all other issues.  *See id*. at 454-455.

---

[2]Clearly, a petition filed pursuant to 28 U.S.C. § 2241 is not a substitute for a motion to vacate pursuant to 28 U.S.C. § 2255.  *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (citations omitted).

Furthermore, this Court cautions the Petitioner that "[h]abeas corpus relief is extraordinary and 'is reserved for transgressions of constitutional rights for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir.2000)(*citing United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992)).  As stated above, Petitioner previously filed a § 2241 petition in this Court asserting most, if not all, of the grounds he has presented in this instant petition.  Petitioner is admonished that this Court will not entertain a § 2241 habeas petition challenging his term of supervised release, no matter how he repackages the issues or styles the action.  *See Davis v. Fetchel*, 150 F.3d 486 (5th Cir. 1998)(third petition filed pursuant to § 2241 constituted an abuse of the writ).  Petitioner is warned that if any future attempts of a similar nature are found to be an abuse of the writ, it may lead to the imposition of sanctions, including but not limited to monetary fines or restrictions on Petitioner's ability to file *pro se* actions in this Court.

## CONCLUSION

For the reasons discussed in this Memorandum Opinion and Order, the Court finds that it is without jurisdiction to consider the § 2241 petition brought by inmate Leidecker.  Accordingly, this case is dismissed with prejudice as to the jurisdictional issue, and without prejudice regarding all other issues.  *See Ojo v. I. N.S.*,106 F.3d 680, 683 (5th Cir.1997).

SO ORDERED, this the    15th    day of January, 2008.


             s/ David Bramlette             
UNITED STATES DISTRICT JUDGE